UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

C. KEITH LAMONDA,

     Petitioner,

v.                                     CASE NO. 6:12-cv-1047-Orl-28GJK
                                           (6:05-cr-131-Orl-28GJK)

UNITED STATES OF AMERICA,

     Respondent.

_____

## ORDER

    C. Keith LaMonda has filed an amended motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 5). The Government filed a response (Doc. No. 20) to the amended section 2255 motion. LaMonda filed a reply to the response (Doc. No 25).

    LaMonda alleges eighteen claims for relief in his motion: (1) trial counsel failed to notify him of a plea offer (claim one); (2) trial and appellate counsel rendered ineffective assistance by failing to argue that the offenses were barred by the statute of limitations (claims two and three); (3) trial and appellate counsel rendered ineffective assistance by failing to argue that the Government's use of the term "investors" was improper (claim four); (4) trial and appellate counsel rendered ineffective assistance by failing to argue that the calculation of the restitution amount was incorrect (claim five); (5) trial counsel rendered ineffective assistance by failing to argue that LaMonda lacked the requisite mens rea for the offense of tax evasion (claim six); (6) appellate counsel rendered ineffective

assistance by failing to argue that the Court erred by denying his motion for judgment of acquittal (claim seven); (7) appellate counsel rendered ineffective assistance by failing to argue that evidence as to counts one and thirteen was "at best, a breach of contract" (claim eight); (8) trial and appellate counsel rendered ineffective assistance by failing to argue "the nonretroactivity of the Florida Viatical Settlement Act of 1999" (claim nine); (9) trial and appellate counsel rendered ineffective assistance by failing to argue that the indictment was constructively amended (claim ten); (10) appellate counsel rendered ineffective assistance by failing to argue that the Court erred by denying the motions to sever (claim eleven); (11) appellate counsel rendered  ineffective assistance by failing to argue that the Court erred by denying approximately twenty motions for mistrial (claim twelve); (12) trial and appellate counsel rendered ineffective assistance by failing to argue that the Court erred by excluding evidence and argument concerning an Oklahoma state court conservatorship and hold-harmless order (claim thirteen); (13) trial counsel labored under a conflict of interest and appellate counsel rendered ineffective assistance by failing to raise the issue on appeal (claim fourteen); (14) trial and appellate counsel rendered ineffective assistance by failing to argue that the Court erred by granting motions in limine (claim fifteen); (15) trial counsel rendered ineffective assistance by failing to argue that the Government failed to disclose exculpatory evidence (claim sixteen); (16) the cumulative deficiencies of trial and appellate counsel violated his right to counsel (claim seventeen); and (17) he is actually innocent (claim eighteen).  For the following reasons, claims two through eighteen are denied, and an evidentiary hearing is ordered on claim one.

2

## I.   *Procedural History*

LaMonda and two other individuals, Jesse LaMonda ("Jesse LaMonda") and John L. Maynard ("Maynard"), were charged in a fifteen-count superseding indictment with the commission of various crimes (Criminal Case No. 6:05-cr-131-Orl-28GJK, Doc. No. 73).[1] LaMonda was charged in counts one through fifteen.  Counts one and thirteen charged conspiracy to commit mail and wire fraud, counts two through twelve charged mail fraud, count fourteen charged conspiracy to commit tax fraud, and count fifteen charged filing a false tax return.  A jury found LaMonda guilty of all charges.  *See* Criminal Case Doc. No. 735.

The Court entered an Amended Judgment in which LaMonda was adjudicated guilty of counts one through fifteen and sentenced to consecutive sixty-month terms of imprisonment for counts one through four, concurrent sixty-month terms of imprisonment for counts five through fourteen, and a concurrent thirty-six month term of imprisonment for count fifteen for a total term of imprisonment of 240-months.  (Criminal Case Doc. No. 994.) The Court further ordered a three-year term of supervised release upon LaMonda's release from imprisonment and restitution of $89,701,667.42.  *Id.*

LaMonda filed a direct appeal with the Eleventh Circuit Court of Appeals, which entered an unpublished opinion affirming the convictions and sentence. *See* Criminal Case Doc. No. 1165.

---

[1] Criminal Case No. 6:05-cr-131-Orl-28GJK will be referred to as "Criminal Case."

## II.    Factual Background

The Eleventh Circuit Court of Appeals summarized the facts of this case succinctly:

> Because we write primarily for the parties, we assume their familiarity with the underlying facts. Defendants operated a company that sold viatical settlements, which are financial instruments created by the *inter vivos* conveyance of a life insurance death benefit. During the seven-month trial, the Government presented evidence that [D]efendants (1) knowingly procured life insurance policies acquired by fraud for the purpose of selling viatical settlements, (2) lied to investors who purchased fraud-tainted viatical settlements, (3) secretly misappropriated investor funds for personal use, and (4) conspired to conceal taxable income from the sale of viatical settlements.

*See* Criminal Case Doc. No. 1165 at 3.

## III.    Legal Standards

### A.    Evidentiary Hearing

Under Section 2255(b), unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court shall "grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." The Eleventh Circuit Court of Appeals has explained, "[a] habeas corpus petitioner is entitled to an evidentiary hearing on his claim 'if he alleges facts which, if proven, would entitle him to relief.'" *Smith v. Singletary*, 170 F.3d 1051, 1053 (11th Cir. 1999) (quoting *Futch v. Dugger*, 874 F.2d 1483, 1485 (11th Cir. 1989)). However, "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007); *see also Aron v. United States*, 291 F.3d 708, 715 (11th Cir. 2002) (explaining that no evidentiary hearing is needed when a petitioner's claims are "affirmatively

4

contradicted by the record" or "patently frivolous").

**B.     Ineffective Assistance of Counsel**

The Supreme Court of the United States  in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense. *Id*. at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

It is well established that a defendant has the right to effective counsel on appeal. *Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir. 1984).  The standard for analyzing ineffective assistance claims is the same for trial and appellate counsel. *Matire v. Wainwright*, 811 F.2d 1430, 1435 (11th Cir. 1987).  The Eleventh Circuit has applied the Supreme Court's test for ineffective assistance at trial to guide its analysis of ineffective assistance of appellate counsel claims. *Heath v. Jones*, 941 F.2d 1126, 1130 (11th Cir. 1991), cert. denied, 502 U.S. 1077 (1992).

**C.     Procedural Bar**

The Court "is not required to reconsider claims of error that were raised and

disposed of on direct appeal." *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000). If a claim has previously been raised on direct appeal and decided adversely to a defendant, it cannot be relitigated in a collateral attack under § 2255. *Id.*

## IV.   *Analysis*

### A.   *Claim One*

LaMonda argues that his trial counsel failed to notify him of a plea offer prior to the lapse of the offer and failed to compute the sentence that would have been imposed under the plea offer. In response to this claim, the Government indicates that it made a collective offer to Defendants on July 31, 2006, which required them all to accept by 9:00 a.m. the next day. *See* Doc. Nos. 20, 20-9. The Government argues, however, that Jesse LaMonda and LaMonda rejected the offer, which served to invalidate it as to all Defendants.   *See* Doc. Nos. 20, 20-9, 20-10.

In *Missouri v. Frye*, 132 S. Ct. 1399 (2012), and *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), the Supreme Court held that the Sixth Amendment right to effective assistance of counsel extends to plea negotiations. *Frye*, 132 S. Ct. at 1404–08; *Lafler*, 132 S. Ct. at 1384. Thus, criminal defendants are "entitled to the effective assistance of competent counsel" during plea negotiations. *Lafler*, 132 S. Ct. at 1384 (internal quotation marks omitted). "[D]efense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Frye*, 132 S. Ct. at 1408. The Supreme Court of the United States has further held:

> To show prejudice from ineffective assistance of counsel where
> a plea offer has lapsed or been rejected because of counsel's

> deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel.  Defendants must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law.  To establish prejudice in this instance, it is necessary to show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time.

*Id.* at 1409.

In the instant case, LaMonda maintains that he was never advised of the Government's plea offer.  LaMonda further asserts that Jesse LaMonda was not informed of the plea offer and did not reject it.  (Doc. No. 25 at 36.)  In support of this claim, LaMonda notes Jesse LaMonda's affidavit related to his § 2255 motion.  Review of the filings in this case and the related § 2255 cases indicates that LaMonda, Jesse LaMonda, and Maynard maintain that they were not advised of the Government's collective plea offer by their attorneys.  *See* Criminal Case Doc. Nos. 1226 at 4; 1230-3 at 30; Case No. 6:12-cv-341-Orl-28GJK, Doc. No. 10 at 4-5.

The Government has filed emails from Jesse LaMonda's and LaMonda's attorneys in which the Government's collective plea offer was rejected.  *See* Doc. No. 20-9 (email from Michael Pasano to David Ignall stating "I understand from my client that jess lamonda declines this 'wired' plea offer."); Doc. No. 20-10 (email from Myles Malman to David Ignall stating "[a]bsent the Government offering Mr. C. Keith LaMonda a plea to a single tax conspiracy count, we decline the Government's offer.").  From these emails, it appears

7

that Jesse LaMonda and LaMonda were advised of the plea offer and rejected it. Nevertheless, none of the Defendants were listed as recipients of the emails, and they deny being advised of the plea offer. Thus, in light of LaMonda, Jesse LaMonda, and Maynard's representations that they were not apprised of the plea offer, the Court concludes that questions of fact remain as to this claim.

An evidentiary hearing is warranted to determine whether (1) LaMonda was advised of the plea offer, and (2) if so, whether LaMonda was advised of the advantages and disadvantages of the plea offer, including its sentencing implications, and whether LaMonda rejected the plea offer. Furthermore, evidence regarding whether prejudice resulted from counsel's purported deficient performance in failing to advise LaMonda of the plea offer shall be presented at the hearing. Specifically, evidence regarding whether a reasonable probability exists that LaMonda would have accepted the plea offer had he been advised of it and whether the plea would have been entered without the prosecution canceling it or this Court refusing to accept it shall be developed. To this end, the parties may present any evidence concerning whether Jesse LaMonda or Maynard was advised of and rejected the plea offer, as well as, the impact of such rejection on the Government's collective plea offer.

### B.   *Claims Two and Three*

In claims two and three, Petitioner asserts that trial and appellate counsel rendered ineffective assistance by failing to argue that the offenses were barred by the applicable five-year statute of limitations (claims two and three). In support of claim two, LaMonda

argues that ABC terminated its Florida-based viatical settlement policy brokerage in June 1999, more than five years before the indictment was filed. (Doc. No. 5-1 at 23.) Similarly, LaMonda maintains in claim three that all insurance policies germane to count thirteen (conspiracy to commit mail and wire fraud) were finalized more than five years from the date of the filing of the indictment. (Doc. No. 5 at 7.)

The record reflects that trial counsel for Jesse LaMonda filed a motion for judgment of acquittal in which he argued that counts one through twelve should be dismissed because no evidence was presented establishing that the underlying crimes or conspiracy occurred within the statute of limitations. *See* Criminal Case Doc. No. 592 at 5-7. Petitioner joined in Jesse LaMonda's motion for judgment of acquittal. (Criminal Case Doc. No. 604.) The Court subsequently denied the motion for judgment of acquittal. (Criminal Case Doc. No. 776.) Thus, trial counsel argued that claims one through twelve were barred by the statute of limitations.

Likewise, Jesse LaMonda's appellate counsel raised this argument on direct appeal. In particular, appellate counsel argued as follows: "Moreover, it is fatal to the charges here that the Government failed to offer any evidence that any policies with regard to which Accelerated Benefits Corporation ("ABC") allegedly made misrepresentations, were still contestable as of July 13, 2000, (the operative statute of limitations date)." *See* Doc. No. 20-1 1 at 51. LaMonda adopted the arguments set forth in Jesse LaMonda's initial appeal brief. (Doc. No. 20-3 at 10.) Thus, LaMonda has not shown that trial or appellate counsel acted deficiently because the statute of limitations argument as to counts one through twelve was

raised in this Court and on appeal and is otherwise without merit.

Additionally, count thirteen involved conspiracy to commit mail and wire fraud. Evidence was presented at trial establishing that acts were taken in furtherance of the conspiracy in 2001, within five years of the filing of the indictment. (Criminal Case Doc. No. 787 at 187-89; Doc. No. 788 at 7-21; Doc. No. 792 at 112-16; Doc. No. 795 at 22-31, 146, 155-56; Doc. No. 803 at 30-32, 106, 110.) Thus, neither trial nor appellate counsel was deficient for failing to raise a statute of limitations defense as to count thirteen nor has LaMonda demonstrated that he was prejudiced as a result of counsel's failure to do so. *See United States v. Reed*, 980 F. 2d 1568, 1583-84 (11th Cir. 1993) (statute of limitations begins to run after the final act in furtherance of the conspiracy is completed). In sum, LaMonda has not established that prejudice resulted from trial and appellate counsel's alleged failure to raise these issues. Consequently, claims two and three are denied.

C.   *Claim Four*

LaMonda contends that trial counsel rendered ineffective assistance by failing to object to the Government's mislabeling of "purchasers" as "investors." He further asserts that appellate counsel was ineffective for failing to raise the issue on appeal. In support of this claim, LaMonda maintains that the obligations of a broker to a purchaser are different from those of a broker to an investor.

LaMonda has not shown that the characterization of the victims as investors was improper. Consequently, he has not established that trial counsel was deficient for failing to object to the Government's characterization of the victims as investors. LaMonda has

not demonstrated a reasonable probability exists that such an objection would have been sustained or that the outcome of the trial would have been different had counsel objected. For these same reasons, appellate counsel did not render ineffective assistance by failing to raise the issue on appeal.  Accordingly, claim four is denied.

### D.    *Claim Five*

LaMonda asserts that trial and appellate counsel rendered ineffective assistance respectively by failing to object to the inaccurate calculation of the restitution amount and by failing to raise the matter on direct appeal.  He argues that the Oklahoma conservator caused all losses incurred after February 2002 when ABC surrendered $141 million in policies.

The record reflects that trial counsel objected to the loss calculation in determining restitution.  (Criminal Case Doc. No. 820 at 28-30.)  Specifically, counsel argued *inter alia* "[e]ssentially, the February 6, 2002, Order stands for the proposition that C. Keith LaMonda would not be liable for any loss incurred in connection with assets of ABC, i.e., policies, which became assets of the Conservator after the February 6, 2002, Order was executed." *Id.* at 29-30.  Thus, LaMonda has not demonstrated that trial counsel was deficient for failing to object to the loss calculation.

Furthermore, the Court found that the actual loss suffered by the insurance companies was $417,000, but the amount of loss Defendants intended to cause the insurance companies was $6.6 million.  Therefore, the loss calculation for counts one through twelve was $6.6 million. *See* Criminal Case Doc. No. 971 at 20.  The Court found

11

that the loss calculation for count 13 was $87,991,018, which approximately was the difference of the $140 million received from investors minus $22 million in insurance maturities paid to investors by ABC, $25 million for the present value of the portfolio sold by the conservator, and approximately $4 million in maturities paid to investors by the conservator before the sale of the portfolio. *Id.* at 20-21. The Court reasoned that the entire amount was within the scope of the agreements entered into by LaMonda and Jesse LaMonda and was reasonably foreseeable to them. *Id.*

"A court's valuation of loss 'need not be made with precision," and "its reasonable estimate of the intended loss will be upheld on appeal." *United States v. Dominguez*, 109 F.3d 675, 676 (11th Cir. 1997) (citations and internal quotations omitted). Based on the evidence presented at the sentencing hearing, the Court's determination of the loss attributable to LaMonda was reasonable. LaMonda has failed to demonstrate that the Court's calculation was without factual support. Consequently, LaMonda has not shown that appellate counsel was deficient for failing to raise this issue on appeal nor has he shown that prejudice resulted therefrom. Accordingly, claim five is denied.

E.    *Claim Six*

LaMonda contends that trial and appellate counsel rendered ineffective assistance by failing to argue that he did not have the requisite mens rea to commit the offense of tax evasion. In support of this claim, LaMonda argues that the bonus given to Anna Grinstead was included in ABC's tax returns and the loan from the premium account to ABC was a bona fide loan. (Doc. No. 5 at 11-12.)

12

The record reflects that LaMonda's attorney in fact raised these arguments in a motion for judgment of acquittal. (Criminal Case Doc. No. 599.) Thus, trial counsel was not deficient for failing to raise these arguments with respect to counts fourteen and fifteen. Additionally, the evidence presented at trial was sufficient for the jury to find that LaMonda had the requisite intent to commit conspiracy to commit tax fraud and tax fraud. LaMonda, therefore, has not established that prejudice resulted from appellate counsel's failure to raise this argument on appeal. Accordingly, claim six is denied.

F.    *Claim Seven*

LaMonda asserts that appellate counsel rendered ineffective assistance by failing to argue that the Court erred by denying his motion for judgment of acquittal. In support of this claim, he argues that the evidence was insufficient to show a conspiratorial agreement, knowing joinder, criminal intent, or that the offenses occurred within the applicable statute of limitations. (Doc. No. 5 at 12.)

LaMonda has not established either deficient performance or prejudice resulting from counsel's failure to raise this issue on appeal. The record reflects that Jesse LaMonda argued on appeal that the evidence was insufficient and noted the Court's denial of his motion for judgment of acquittal. (Doc. No. 20-1 at 50-55.) As noted previously, LaMonda joined in Jesse LaMonda's motion for judgment of acquittal and adopted the arguments set forth in Jesse LaMonda's initial appeal brief. *See* Criminal Case Doc. No. 604; *see also* Doc. No. 20-3 at 10. Thus, appellate counsel was not deficient for failing to raise this issue on appeal.

Moreover, LaMonda has not established that prejudice resulted from appellate counsel's failure to argue that the Court erred by denying his motion for judgment of acquittal. The evidence presented at trial was sufficient to support the jury's verdict of guilt for counts one through fifteen. LaMonda has failed to demonstrate, therefore, that a reasonable probability exists that the outcome of his appeal would have been different had counsel further raised this argument. Accordingly, claim seven is denied.

G.    *Claim Eight*

LaMonda contends that appellate counsel rendered ineffective assistance by failing to argue that the conduct supporting counts one through thirteen merely constituted a contractual breach.

The record reflects that Jesse LaMonda raised this claim on direct appeal, and Petitioner adopted his arguments. In particular, among other matters, Jesse LaMonda argued as follows: "The government's evidence against Jesse LaMonda was focused on alleged breaches of contract and purported misrepresentations that were easily verifiable. These matters are more properly subject to civil and not criminal litigation." *See* Doc. No. 20-1 at 55. Thus, the Eleventh Circuit had the opportunity to consider whether the conduct supporting counts one through thirteen only constituted a contractual breach. Moreover, the evidence was sufficient to support LaMonda's convictions for counts one through thirteen. LaMonda, therefore, has not established that a reasonable probability exists that the outcome of his appeal would have been different had counsel further argued this matter. Consequently, claim eight is denied.

14

### H.   Claim Nine

LaMonda argues that trial and appellate counsel rendered ineffective assistance by failing to argue the "nonretroactivity" of the Florida Viatical Settlement Act of 1999. He maintains that the Court violated the ex post facto provisions of the United States Constitution by retroactively applying the Florida Viatical Settlement Act of 1999, which proscribed the illegal conduct of clean-sheeting.[2] *See* Doc. No. 5 at 13.

Article I, § 10, clause 1 of the United States Constitution provides that "[n]o State shall . . . pass any . . . ex post facto Law." To fall within the ex post facto prohibition, a law must be retrospective; in other words, "it must apply to events occurring before its enactment . . . and it must disadvantage the offender affected by it, by altering the definition of criminal conduct or increasing the punishment for the crime." *Lynce v. Mathis*, 519 U.S. 433, 441 (1997) (quotations omitted) (citations omitted).

LaMonda's contention is without merit because the first superseding indictment did not charge him with violating a Florida state statute. Further, Petitioner adopted Jesse LaMonda's argument on appeal that "[t]he Government . . . failed to show that Dr. LaMonda or his co-defendants had any statutory or other duty to inform the policy issuers of ABC's purchase of [fraudulent] policies . . . . [A]s such, no alleged misrepresentation of omission by ABC or Dr. LaMonda could be material." (Doc. No. 20-1 at 50.) Thus, appellate counsel in effect argued that at the time of the purchase of the contestable

---

[2]"The term 'clean-sheeted' is a term sometimes used to describe a life insurance policy issued to a person who intentionally misrepresented his or her medical history in order to obtain the policy." (Doc. No. 20-3 at 26 n.2.)

policies, there was no statutory duty proscribing clean sheeting and thereby their conduct.

In sum, LaMonda has not shown that an ex post facto violation occurred. Thus, he has not demonstrated that either trial or appellate counsel acted deficiently with regard to this matter or that he sustained prejudice. Accordingly, claim nine is denied.

### I.    *Claim Ten*

LaMonda asserts that trial and appellate counsel rendered ineffective assistance by failing to argue that the Court erred by allowing the Government to constructively amend the indictment. Specifically, LaMonda argues in relation to counts two through twelve that the duty to report clean-sheeting to the insurance companies was not charged and in relation to count thirteen that the Court excluded evidence of the Oklahoma conservatorship and hold harmless agreement. (Doc. No. 5 at 13-14.)

LaMonda fails to demonstrate that the indictment was constructively amended. "[A]n amendment occurs when the essential elements of the offense contained in the indictment are altered to broaden the possible bases for conviction beyond what is contained in the indictment." *United States v. Keller*, 916 F.2d 628, 634 (11th Cir. 1990). LaMonda has not shown that any of the rulings made by the Court altered the essential elements of the offenses contained in the indictment or broadened the possible bases for conviction beyond what was contained in the superceding indictment. LaMonda's scheme to conceal the viatication of clean-sheeted policies during the contestable period from the insurance companies was the scheme alleged in count one of the indictment. Similarly, the jury's inability to consider the "hold harmless" provision of the Oklahoma conservatorship

order issued after the conclusion of the conspiracy alleged in count thirteen did not constructively amend the indictment. Thus, LaMonda has not shown that trial or appellate counsel acted deficiently or that he sustained prejudice based on their failure to argue that the indictment was constructively amended.

### J.    Claim Eleven

LaMonda maintains that appellate counsel rendered ineffective assistance by failing to argue that the Court erred by denying the motions to sever.

Defendants charged in a conspiracy are ordinarily tried together. *United States v. Hernandez*, 921 F.2d 1569, 1578 (11th Cir. 1991). The denial of a severance motion will not be reversed unless the resulting joint trial caused the defendant "compelling prejudice" and rendered the jury "incapable of independently evaluating the evidence against each defendant." *Id.* (citations omitted) (quotation omitted).

The Court, in its preliminary instructions, cautionary instructions throughout the trial, and final instructions, repeatedly instructed the jury to consider each Defendant and each offense separately. *See* Doc. No. 1059 at 29; Doc. No. 1085 at 40-42. Petitioner, therefore, has not established that the Court erred by denying the motions for severance or that prejudice resulted from the denial of the motions. Accordingly, LaMonda has not shown that appellate counsel acted deficiently by failing to raise this issue on appeal or that he sustained prejudice as a result.

### K.    Claim Twelve

LaMonda contends that appellate counsel rendered ineffective assistance by failing

to argue that this Court erred by denying approximately twenty motions for mistrial.

Petitioner does not explain which motions for mistrial the Court improperly denied or why the denial of those motions was erroneous. To the extent LaMonda is arguing that the Court erred by denying motions for mistrial premised on the prosecution making "knowing misstatements of testimony, facts, and evidence[,]" the Court notes that the jury was repeatedly instructed that the attorneys' arguments were not to be considered as either evidence or instructions of the law and that it must make its decision based solely on the testimony and other evidence presented. (Criminal Case Doc. No. 910 at 131; Doc. No. 913 at 131; Doc. No. 1059 at 5, 7.) In sum, Petitioner has not established that counsel was deficient for failing to argue on appeal that the Court erred by denying various motions for mistrial, nor has he shown that prejudice resulted therefrom. Consequently, claim twelve is denied.

### K.   *Claim Thirteen*

LaMonda asserts that trial and appellate counsel rendered ineffective assistance by failing to argue that this Court abused its discretion by excluding evidence and argument about the Oklahoma conservatorship. In support of the claim, he argues that a hold harmless agreement was entered and the district court of Oklahoma retains jurisdiction over the assets relevant to count thirteen. LaMonda maintains that the Oklahoma civil case foreclosed his conviction for count thirteen.

The Government was not a party to the state civil lawsuit brought by the Oklahoma Securities and Exchange Commission against LaMonda's company, ABC. Thus, the

Government was not foreclosed from bringing a criminal prosecution for the conduct alleged in count thirteen.   Moreover, LaMonda has not shown that the exclusion of evidence regarding the conservatorship was erroneous.   Accordingly, LaMonda has not esablished that either trial or appellate counsel acted deficiently or that he sustained prejudice, and claim thirteen is denied.

### L.   *Claim Fourteen*

LaMonda asserts that his counsel labored under a conflict of interest.   In support of this claim, he notes that counsel, without his consent, "assembled a defense team under terms which abrogated counsel's independence to [his] prejudice. . . ."   (Doc. No. 5 at 16.) LaMonda further maintains that appellate counsel was ineffective for failing to raise the issue on appeal.

When an ineffective assistance of counsel claim is based on a conflict of interest, "a defendant must show first, that his attorney had an actual conflict of interest, and second, that the conflict adversely affected counsel's performance."   *McCorkle v. United States*, 325 F. App'x 804, 808 (11th Cir. 2009) (quotation omitted) (citations omitted).   "An actual conflict of interest occurs when an attorney has inconsistent interests."   *Id.*   (quotation omitted) (citation omitted).   Further, "[t]he conflict cannot be merely possible, speculative, or hypothetical."   *Id.*   To prove adverse effect, a petitioner must demonstrate three elements: (1) "that the defense attorney could have pursued a plausible alternative strategy"; (2) "that this alternative was reasonable"; and (3) "that the alternative strategy was not followed because it conflicted with the attorney's external loyalties."   *Reynolds v.*

*Chapman*, 253 F.3d 1337, 1343 (11th Cir. 2001).

Initially, the Court notes that LaMonda asserts that his counsel assembled a defense team without his consent despite the fact that LaMonda paid all of his co-defendants' legal costs. In other words, to the extent LaMonda did not agree with his counsel's action, he simply could have refused to pay his co-defendants' attorneys' fees.

Moreover, after closing arguments, the Court addressed the issue of the payment by LaMonda of all legal fees for his co-defendants. *See* Criminal Case Doc. No. 913 at 133-37. The Court noted that this fee arrangement could create a potential for conflict of interest and observed that Maynard and Jesse LaMonda "both have experienced and competent lawyers in this case . . . and that allays any concern that might otherwise be troubling." *Id.* at 135. The Court then explained in detail the potentials for conflict with this fee arrangement. *Id.* at 136. The Court noted that "there's no suggestion from the performance of Mr. Pasano and Mr. Muller that they in any way acted contrary to [Maynard's or Jesse LaMonda's] interests or in any effort to appease the wishes of Mr. C. K. LaMonda." *Id.*

LaMonda's allegations in his § 2255 motion do not demonstrate that his counsel operated under a conflict of interest. He merely speculates that his payment of his co-defendants' legal fees adversely affected his defense. However, LaMonda's counsel zealously represented him throughout his case. He filed numerous pre-trial motions, extensively cross-examined the Government's witnesses at trial, made appropriate objections, and presented testimony and evidence in support of LaMonda's defense.

20

Because LaMonda completely fails to identify any specific instances in the record demonstrating anything more than a possible, speculative, or merely hypothetical conflict by counsel, he has not establish that his counsel labored under an actual conflict of interest or that any purported conflict adversely affected counsel's performance.  Likewise, appellate counsel was not deficient for failing to raise this matter nor has LaMonda shown he was prejudiced as a result.  Accordingly, claim fourteen is denied.

### M.   Claim Fifteen

LaMonda contends that trial and appellate counsel rendered ineffective assistance by failing to argue that the Court abused its discretion by granting the Government's motions in limine.  He argues that this Court improperly excluded exculpatory evidence, such as evidence about the Oklahoma conservatorship. (Doc. No. 5-1 at 52-53.)

LaMonda's allegations with regard to this claim are vague and inadequate as a matter of law to raise a cognizable claim of ineffective assistance of appellate counsel. *See United States v. Cranshaw*, 817 F. Supp. 723, 728 (N.D. Ill. 1993).  LaMonda fails to identify which motions in limine the Court erred by granting.  To the extent LaMonda argues that the Court erroneously excluded evidence regarding the Oklahoma conservatorship, he fails to set forth and discuss the reasons why this evidence was admissible.  Whether the losses to the investors occurred after the conservator took over the administration of the ABC policies is not exculpatory evidence because those losses were still reasonably foreseeable losses within the scope of the conspiracy. LaMonda, therefore, has not demonstrated how the admission of this evidence would have resulted in his acquittal.  Consequently,

21

LaMonda has not established that trial or appellate counsel were deficient for failing to argue that the Court abused its discretion in granting the Government's motions in limine nor has he shown he was prejudiced as a result. Accordingly, claim fifteen is denied.

### N.    Claim Sixteen

LaMonda asserts that trial and appellate counsel rendered ineffective assistance by not arguing that the Government failed to disclose exculpatory evidence. In support of this claim, LaMonda argues that the Government had a "new database tending to show that the evidence introduced by virtue of an older, outdated database was erroneous, and that the prosecution's investigation, consisting of interviews with key witnesses, i.e.[,] Receiver Michael J. Quilling, Conservator Tom Moran, and officials from the Florida Department of Insurance, had yielded statements from such witnesses negating the existence of criminal intent of the part on [LaMonda]." (Doc. No. 5-1 at 53-54.)

Initially, the Court notes that LaMonda admits that trial counsel filed a *"Brady* motion." (Doc. No. 5-1 at 54; *see also* Criminal Case Doc. Nos. 131, 135.) Likewise, the record reflects that counsel filed motions seeking ABC and conservator records. *See* Criminal Case Doc. Nos. 747, 759, 766, & 772. Therefore, trial counsel did not render deficient performance by failing to argue that the Government did not disclose exculpatory, material evidence.

More importantly, this claim is vague, conclusory, and speculative. LaMonda has not offered any evidence indicating that the Government failed to disclose any material evidence. Likewise, he has not identified the "new database" to which he is referring or

demonstrated that a reasonable probability exists that the new database or the purported witness statements would have resulted in a different outcome. LaMonda, therefore, has not established that trial or appellate counsel were deficient for failing to raise this issue or that prejudice occurred as a result. Accordingly, claim sixteen is denied.

### O.   *Claim Seventeen*

LaMonda contends that the cumulative deficiencies of trial and appellate counsel violated his right to counsel. LaMonda relies on all of the previously addressed claims of ineffective assistance of counsel to support this claim.

"The Supreme Court has not directly addressed the applicability of the cumulative error doctrine in the context of an ineffective assistance of counsel claim." *Forrest v. Fl. Dept. of Corrections*, 342 F. App'x 560, 564 (11th Cir. 2009). The Supreme Court has held, however, in relation to an ineffective assistance of counsel claim, that "'there is generally no basis for finding a Sixth Amendment violation unless the accused can show how specific errors of counsel undermined the reliability of the finding of guilt.'" *Id.* at 564-65 (quoting *United States v. Cronic*, 466 U.S. 648, 659 n. 26 (1984)).

Upon consideration of the record, the Court concludes that LaMonda has failed to demonstrate that counsel rendered ineffective assistance with respect to claims two through sixteen. The Court has considered the merits of each of these claims of ineffective assistance and found them to be without merit. Therefore, even assuming that the claims may be considered in the aggregate, LaMonda has not established that he received ineffective assistance of counsel. *See Cole v. Crosby*, 2006 WL 1169536, at *57 (M.D. Fla. 2006)

23

(concluding that when the petitioner fails to demonstrate deficient performance or prejudice as to his ineffective assistance of counsel claims, he cannot demonstrate that he suffered any harm from the cumulative effect of counsel's performance). Thus, claim seventeen is denied.

### P.   Claim Eighteen

LaMonda argues that he is factually innocent and is entitled to relief under a freestanding claim of actual innocence. He further asserts that appellate counsel was ineffective for failing to raise this claim on direct appeal.

LaMonda cannot obtain relief under section 2255 based solely on a claim of actual innocence. Generally, actual innocence is not itself a viable, freestanding claim under the United States Constitution. Actual innocence is only a gateway through which a habeas petitioner must pass to have an otherwise barred federal constitutional claim considered on the merits. *Schlup v. Delo*, 513 U.S. 298, 315 (1995). The issue of actual of innocence ordinarily arises in the context of a habeas petitioner's efforts to excuse or overcome a procedural default on a federal constitutional claim, or to invoke the doctrine of equitable tolling of a statute of limitation. *Anderson v. Bauman*, No. 2:09-cv-91, 2011 WL 4954076, at *2 (W.D. Mich. October. 17, 2011). The Eleventh Circuit Court of Appeals has addressed actual innocence claims:

> The Supreme Court, of course, has never decided what the precise burden of proof for a freestanding actual innocence claim would be. However, the Court has indicated that it would necessarily be more difficult to establish a freestanding actual innocence claim than it is to establish actual innocence under the fundamental miscarriage of justice exception to the procedural default doctrine. *See House v. Bell*, 547 U.S. 518, 126 S. Ct. 2064, 2087, 165

24

L.Ed.2d 1 (2006).  To satisfy this lesser standard (which itself applies "only in the extraordinary case," *House*, 126 S. Ct. at 2077), Mize would have to demonstrate that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."  *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 851, 867, 130 L.Ed.2d 808 (1995).  In other words, he would have to show it is probable that, given the new evidence, no reasonable juror would have convicted him.

*Mize v. Hall*, 532 F.3d 1184, 1195 (11th Cir. 2008).

Here, LaMonda has failed to produce any evidence that was newly discovered or that would otherwise show that he is actually innocent, and he has not shown that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt.  As a result, appellate counsel was not ineffective with regard to this matter.  Accordingly, claim eighteen is denied.

Any of LaMonda's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED**:

1.      Claims two through eighteen of the amended motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by C. Keith LaMonda (Doc. No. 5) are **DENIED**.

2.      The Court will hold an evidentiary hearing on claim one, that trial counsel failed to convey the Government's plea offer to him or advise him of the potential sentence pursuant to the plea.  The hearing is scheduled for **April 30, 2014** at 9:00 a.m., at U.S. Courthouse, 401 West Central Blvd., Courtroom 6B, Orlando, Florida 32801.

3.      United States Magistrate Judge Kelly is directed to appoint counsel on behalf

of Petitioner pursuant to Rule 8(c) of the Rules Governing Section 2255 Proceedings.

4.      At least twenty (20) days prior to the evidentiary hearing, Petitioner shall file

a statement entitled Pretrial Narrative Statement consisting of the following:

       (a)      A brief general statement of the case.

       (b)      A narrative written statement of the facts that will be offered
            by oral or documentary evidence at the evidentiary hearing.

       ©      A list of all exhibits to be offered into evidence at the
            evidentiary hearing.

       (d)      A list of the full names and addresses of places of employment
            for all the witnesses that Petitioner intends to call.

       (e)      A summary of the anticipated testimony of each witness
            named in (d).

5.      At least eleven (11) days prior to the evidentiary hearing, the Government

shall file a Pretrial Narrative Statement complying with paragraphs 4(a) through (e) above.

    **DONE AND ORDERED** in Orlando, Florida, this ___ day of March, 2014.

                      JOHN ANTOON II
                      UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-2 3/6
C. Keith LaMonda
Counsel of Record